IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case Number 4:17-70

EASTERN FINANCIAL SERVICES, LLC; )
ROBERT L. JACKSON, III, )
       Plaintiffs, )
        )
       v. )       COMPLAINT
        )
WORLD GLOBAL FINANCING INC. )
       Defendant. )

NOW COMES the Plaintiffs, Eastern Financial Services, LLC and Robert Jackson, III, by and through their counsel of record, and complaining of Defendant World Global Financing Inc., states and avers as follows:

**PARTIES**

1. Plaintiff Eastern Financial Services, LLC is a North Carolina limited liability company organized and existing under the laws of the State of North Carolina, is authorized to conduct business in the state of North Carolina and maintains its principal place of business in Pitt County, North Carolina.

2. Plaintiff Robert Jackson, III is a citizen and resident of Pitt County, North Carolina and is neither an infant nor incompetent.

3. Upon information and belief, World Global Financing, Inc. is a corporation organized and existing under the laws of the State of Florida.

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction of this action under 28 U.S.C. §1331 because this action alleges violations of a federal statute, the Computer Fraud and Abuse Act (18 U.S.C. §1030). The Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. §1367.

5. Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims raised in this lawsuit occurred in this District.

6. Jurisdiction and venue are also proper in this Court under N.C.G.S. Article 60, Computer Related Crime, specifically N.C.G.S. §14-453.2.

7. During all relevant times, Defendant has repeatedly, knowingly, and intentionally accessed Plaintiffs' bank account and credit report which are based in this judicial district without Plaintiffs' authorization. While accessing Plaintiffs' bank account and credit report, Defendant made multiple contacts with this judicial district and targeted its wrongful acts at Plaintiffs, which are based in this judicial district.

## GENERAL ALLEGATIONS

8. The allegations contained in paragraphs 1 through 7 are hereby realleged and incorporated herein by reference.

9. In 2015, Plaintiff Eastern was solicited by Cityscape Financial Inc., a broker working with Defendant, to obtain business financing.

10. Because of Cityscape's contact, Plaintiff Eastern sought to obtain one loan from Defendant in 2015.

11. Defendant, to obtain Plaintiff Eastern's business, immediately loaned Plaintiff part of the monies Plaintiff had requested.

12. On or about February 26, 2015, Plaintiff Eastern entered into a "Revenue Based Factoring Agreement" with Defendant, with Plaintiff Jackson as a personal guarantor.

13. Plaintiffs understood and believed that Plaintiff Eastern was obtaining monies from Defendant at a specific percentage rate (24%) to be paid back over and above the amount provided to Plaintiffs, through daily payments to Defendant made by ACH transfer, in the amount of $493.00.

14. Plaintiffs later came to learn that the percentage rate was supposed to be a percentage of Plaintiff Eastern's daily revenue.

15. Upon entry of the contract, Plaintiffs immediately began requesting that Defendant follow through on its representations to loan Plaintiff the entire amount requested in one loan.

16. After multiple requests by Plaintiffs, Defendant produced a second contract for the remaining loan promised by Defendant.

2

17. Defendant expected that upon execution of this contract that Plaintiffs' obligations would be consolidated into one loan as promised by Defendant.

18. On or about March 20, 2015, Plaintiff entered into a second "Revenue Based Factoring Agreement" with Defendant, with a percentage of 20% and a daily payment of $658.00.

19. Defendant began immediately withdrawing two payments per day from Plaintiff Eastern's account.

20. Plaintiffs again began contacting Defendant to request why there were two ACH transfers per day and why the loan had not been consolidated as requested.

21. Defendant failed to respond to Plaintiffs' requests for several months.

22. Finally, Defendant produced a third contract with the one amount requested by Plaintiffs.

23. The result of Defendants failure to produce the consolidated contract as requested by Defendant was for Plaintiff Eastern to have higher daily payments resulting in an increased amount to be repaid to Defendant.

24. After the execution of the third contract, Plaintiffs began contacting Defendant to obtain an accounting of the loans.

25. Initially, Defendant took Plaintiffs' calls and promised to produce the documentation. Ultimately, Defendant simply hung up on Plaintiffs when Plaintiffs contacted Defendant regarding the accounting. Defendant refused to allow Plaintiffs to speak with any managers or officers of the company.

26. After failing for months to receive the accounting and fearing that Defendant had withdrawn and was withdrawing far more than it had represented would be withdrawn daily, Plaintiffs terminated the ability of Defendant to make daily ACH transactions from Plaintiff Eastern's account.

27. Plaintiffs, to protect their bank accounts, changed the log in information for Plaintiff Eastern's bank account

28. Without Plaintiffs' knowledge, on information and belief, Defendant, along with another individual, obtained access to Plaintiff Eastern's bank account by hacking into the account and

using different log in information and/or made false representations to the bank to obtain access to Plaintiff's account.

29. Once Defendant obtained access to Plaintiff Eastern's account, Defendant authorized ACH transactions to Defendant in a higher daily amount than Defendant had previously been authorized to withdraw from Plaintiff Eastern's account.

30. Over a five-week period, Defendant conducted unauthorized ACH transactions on Plaintiff Eastern's account in varying amounts and in a total amount that exceeded the amount Defendant would have otherwise been authorized to take daily.

31. Plaintiffs were subsequently notified by the bank that Plaintiff Eastern's bank account had been accessed, from multiple company IDs transferring monies to multiple accounts of Defendant.

32. Upon notification from Plaintiff Eastern's bank regarding the unauthorized transfers, Plaintiffs again changed the log in information to the account and confirmed that ACH transactions to Defendant were not authorized.

33. In December 2015, a man identifying himself as Adrian, from Defendant, called to Plaintiff's Eastern's office and requested to speak to Plaintiff Jackson. Plaintiff's assistant, Wanda West, answered to call.

34. When Adrian was told that Mr. Jackson was not available, Adrian became irate and stated that he would have Plaintiff Jackson arrested for owing money. He started yelling and cursing at Ms. West, made threats to Ms. West and Mr. Jackson and was extremely abusive to Ms. West.

35. Ms. West repeatedly asked Adrian to stop, but he refused and continued cursing and yelling until Ms. West hung up the phone call.

36. Approximately one year later, upon information and belief, Defendant again hacked into Plaintiff Eastern's account and authorized three ACH transactions to Defendant, this time in an amount consistent with the daily amount stated in the third contract.

37. Upon notification by Plaintiffs that the ACH transfers were unauthorized, the bank credited Plaintiff Eastern's account with the unauthorized ACH transfers.

4

38. Since the time in which Plaintiff terminated Defendant's ACH's withdrawals from Plaintiff Eastern's account, Plaintiff and Defendant have attempted to resolve their dispute. However, Plaintiff never received any accounting of the contracts until recently, despite multiple requests.

39. Plaintiffs have been working diligently to obtain funds to satisfy the debt of Defendant and had notified Defendant of the sensitive nature of Plaintiff Eastern's dealings with a new third-party lender.

40. Despite remaining in constant contact with Defendant's counsel and providing partial payments on the balance claimed due, Defendant took actions which were contrary to the parties' positions.

41. On April 12, 2017, Defendant accessed Plaintiff Jackson's credit report account.

42. At the time of such access, Plaintiff Jackson had a fraud hold on his account, meaning no access to his account was allowed without his permission.

43. Defendant obtained access to Plaintiff Jackson's account without permission.

44. When confronted with this unauthorized access, Defendant claimed that Plaintiff Eastern had submitted an application for a loan to a broker, which then submitted it to Defendant, who requested Plaintiff Jackson's credit report.

45. Defendant also claimed that the request was clearly made by Plaintiff Eastern as the request included a copy of Plaintiff Eastern's March 2017 bank statement.

46. Upon review of the credit report request with Experian, Plaintiffs determined that the request was in fact unauthorized as it was a "duplicate application," meaning the request was based off an application that was not currently dated.

47. Defendant had never, even at the time of the contracts, requested Plaintiff Jackson's credit report, nor obtained any other financial documentation from Plaintiff other than bank statements.

48. Plaintiffs did not provide Defendant, or any broker, with a copy of Plaintiff Eastern's March 2017 bank statement.

49. Plaintiffs are informed and believed that Defendant again committed an unauthorized access to Plaintiff's bank account to obtain a copy of the bank statement to support its unauthorized access of the credit report.

**FIRST CLAIM FOR RELIEF**
**(VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT,**
**18 U.S.C. §1803, et. seq.)**
**(as to Plaintiff Eastern against Defendant)**

50. The allegations contained in paragraph 1 to 49 are hereby realleged and incorporated herein by reference.

51. Plaintiff Eastern's bank accounts are involved in interstate commerce, and reside on protected computers under 18 U.S.C. §1030(e)(2).

52. On information and belief, Defendant knowingly and intentionally accessed Plaintiff's bank account without authorization.

53. On information and belief, Defendant accessed information contained in Plaintiff's financial record at Plaintiff's financial institution, First Citizens Bank.

54. On information and belief, Defendant, after gaining unauthorized access to Plaintiff Eastern's bank account, obtained and used valuable information from the account in transactions involving interstate commerce.

55. On information and belief, Defendant, after gaining unauthorized access to Plaintiff Eastern's bank account, Defendant obtained confidential information on Plaintiff Eastern's account and consequently used such information to set up and process ACH transfers from Plaintiff's account to various accounts of Defendant.

56. Defendant knowingly and willfully accessed Plaintiff Eastern's bank account without authorization and obtained valuable information that, on information and belief, Defendant used for its commercial advantage or for Defendant's private financial gain.

57. As a result of Defendant's actions, Plaintiff Eastern, has been damaged during a one year period in excess of $5000.00.

58. Plaintiff Eastern has been damaged by Defendant's actions, including being forced to expend resources to investigate the unauthorized access to and use of its bank account. It was necessary on multiple occasions for Plaintiff to respond to Defendant's actions and restore its information to its condition prior to Defendant's actions.

59. Due to the time and expense utilized to investigate and respond to Defendant's actions, Plaintiff was unable to service its customers, thereby losing revenue to Defendant's actions.

60. Defendant's conduct has caused a loss to Plaintiff Eastern. Plaintiff Eastern seeks compensatory and other equitable relief under 18 U.S.C. §1030(g) in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
## (VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. §1803, et. seq.)
## (as to Plaintiff Jackson against Defendant)

61. The allegations contained in paragraph 1 to 60 are hereby realleged and incorporated herein by reference.

62. Plaintiff Jackson's credit report is involved in interstate commerce, and resides on protected computers under 18 U.S.C. §1030(e)(2).

63. On information and belief, Defendant knowingly and intentionally accessed Plaintiff Jackson's credit report without authorization.

64. On information and belief, Defendant, after gaining unauthorized access to Plaintiff' Eastern's credit report, obtained and used valuable confidential information from the report for the purposes of commercial advantage or private financial gain.

65. On information and belief, Defendant, after gaining unauthorized access to Plaintiff Eastern's credit report, Defendant consequently used such information to harm, delay or otherwise injure Plaintiff Jackson in his business dealings.

66. Defendant knowingly and willfully accessed Plaintiff Jackson's credit report without authorization, for an unlawful purpose and obtained valuable information that Defendant was not entitled to be in possession of at that time.

67. As a result of Defendant's actions, Plaintiff Eastern, has been damaged during a one year period in excess of $5000.00.

68. Plaintiff Jackson has additionally suffered loss because of these violations, including, without limitation, violation of the right of privacy.

69. Plaintiff Jackson has been damaged by Defendant's actions, including being forced to expend resources to investigate the unauthorized access to and use of its credit report. It was necessary for Plaintiff to respond to Defendant's actions and restore its information to its condition prior to Defendant's actions.

70. Due to the time and expense utilized to investigate and respond to Defendant's actions, Plaintiff was unable to service its customers, thereby losing revenue to Defendant's actions.

71. Defendant's conduct has caused a loss to Plaintiff Jackson. Plaintiff Jackson seeks compensatory and other equitable relief under 18 U.S.C. §1030(g) in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF N.C.G.S. §14-458, COMPUTER TRESPASS)
### (As to Plaintiff Eastern against Defendant)

72. The allegations contained in paragraph 1 to 71 are hereby realleged and incorporated herein by reference.

73. On information and belief, Defendant used an illegal or unauthorized method to gain access to Defendant Eastern's bank account.

74. Plaintiff had previously changed its log in information and had not provided that new information to Defendant.

75. On information and belief, the only way in which Defendant could access Plaintiff Eastern's account was to do so in an unauthorized manner.

76. On information and belief, using this access, Defendant authorized ACH transactions from Plaintiff Eastern's account to Defendant at various banks.

77. On information and belief, using this access, Defendant gained information about Plaintiff Eastern's financial status and payments to creditors and obtained unauthorized copies of Plaintiff Eastern's financial documentation.

78. On each of these occasions, Defendant was without authority to access the account, to make the ACH transactions, or to obtain financial documentation from Plaintiff Eastern's account.

79. Plaintiff Eastern did not authorize Defendants access to its bank account, provide its log in information for the account, authorize the ACH transactions at issue or authorize Defendant to possess Plaintiff's financial records.

80. Due to the time and expense utilized to investigate and respond to Defendant's actions, Plaintiff Eastern was unable to service its customers, thereby losing revenue to Defendant's actions.

81. Because of Defendant's actions, Plaintiff Eastern has suffered damages including being forced to expend resources to investigate the unauthorized access to and use of its bank account. It was necessary on multiple occasions for Plaintiff to respond to Defendant's actions and restore its information to its condition prior to Defendant's actions.

82. As a result of Defendant's actions, Plaintiff Eastern has been damaged, in an amount to be proven at trial, that is in excess of Ten Thousand and 00/100 dollars ($10,000.00).

## FOURTH CAUSE OF ACTION
### (Violation of N.C.G.S. §14-458, Computer Trespass)
### (As to Plaintiff Jackson against Defendant)

83. The allegations contained in paragraph 1 to 82 are hereby realleged and incorporated herein by reference.

84. Upon information and belief, Defendant used an unauthorized method or subterfuge to obtain Plaintiff Jackson's credit report.

85. Plaintiff had a fraud hold on its' account, thus, no party could obtain a credit report on Plaintiff Jackson without Plaintiff's express authorization.

9

86. Upon information and belief, the only way in which Defendant could access Plaintiff Jackson's account was to do so in an unauthorized manner.

87. Upon information and belief, Defendant submitted a "duplicate application" to Experian to show that it had authorization to obtain Plaintiff's credit report.

88. On this occasion, Defendant was without authority to access the credit account of Plaintiff Jackson or to obtain Plaintiff Jackson's credit report.

89. Plaintiff Jackson has additionally suffered loss because of these violations, including, without limitation, violation of the right of privacy.

90. Because of Defendant's actions, Plaintiff has suffered damages including being forced to expend resources to investigate the unauthorized access to and use of its credit report. It was necessary for Plaintiff Jackson to respond to Defendant's actions and restore its information to its condition prior to Defendant's actions.

91. As a result of Defendant's actions, Plaintiff Jackson has been damaged, in an amount to be proven at trial, that is in excess of Ten Thousand and 00/100 dollars ($10,000.00).

**FIFTH CAUSE OF ACTION**
**(UNFAIR & DECEPTIVE TRADE PRACTICES)**
**(As to Plaintiff Eastern against Defendant)**

92. The allegations contained in paragraphs 1 through 91 are hereby realleged and incorporated herein by reference.

93. At all relevant times, the acts and transactions between Defendant and Plaintiff are in or affecting commerce and Defendant WG was engaged in commerce in the State of North Carolina, within the meaning of N.C. Gen. Stat. § 75-1.1.

94. Defendant committed multiple actions that involved unfair and deceptive acts and practices.

95. Defendant initially made misrepresentations to Plaintiff regarding the structure of the loan, instead creating two loans and multiple daily ACH transfers.

96. Despite repeated requests, Defendant delayed in consolidating the loans to extract additional monies from Plaintiff Eastern.

97. Defendant refused to provide accountings of the loans and ultimately refused to speak to Plaintiffs about the loans.

98. Upon reviewing the accounting ultimately provided by Defendant, Plaintiffs have determined that the various amounts charged by Defendants for fees are inconsistent with the contract terms.

99. Upon reviewing the accounting provided by Defendant, Plaintiffs have determined that the amounts withdrawn from Plaintiff Eastern's account daily far exceeded the percentage of daily revenue that such payments were expected to reflect.

100. Defendant assessed fees to Plaintiff Eastern that were more than the allowed fees.

101. Defendant charged and recovered from Plaintiff Eastern daily percentages that far exceeded the revenue of Plaintiff Eastern.

102. Defendant accessed Plaintiff Eastern's bank account through subterfuge or hacking without Plaintiff Eastern's authorization.

103. Defendant engaged in collection tactics in which Defendant lied, was abusive, mislead, threatened and otherwise made misstatements regarding Plaintiffs for the purpose of coercing Plaintiffs and harming Plaintiffs' reputation and business standing.

104. Plaintiff Eastern's employee, Wanda West, was significantly impacted by the threats and language of Defendant's employee and continues to be uncomfortable regarding Defendant.

105. Plaintiffs' reputation and comfort level with Ms. West has changed because of Defendant's abusive techniques.

106. Defendant obtained the credit report of Plaintiff Jackson without authorization and used subterfuge to assert authorization to obtain access to Plaintiff Jackson's report that could not be accessed without Plaintiff Jackson's permission.

107. When confronted with this act, Defendant claimed that Plaintiff Eastern had recently requested credit while not disclosing the true basis behind Defendant's actions.

108. That the access of bank accounts and credit reports are heavily regulated industries.

109. That the Defendants have failed to deal in good faith with the Plaintiffs in extending credit, conducting business with Plaintiffs and collecting on any balance due claimed by Defendant.

110. Plaintiffs reasonably and justifiably relied upon Defendants' actions and practices to their detriment.

111. The assurances and false or misleading representations by Defendants had the tendency and/or capacity to mislead or deceive and did in fact mislead and deceive Plaintiffs.

112. Defendants' actions are substantially injurious to businesses and consumers, offend established public policy, are immoral, oppressive and unscrupulous.

113. Defendant's actions and false representations were in or affecting commerce and constitute unfair and deceptive trade practices, which are in violation of N.C. Gen. Stat. §75-1.1.

114. Plaintiffs were injured and suffered harm as a proximate result of Defendant's actions.

115. As a direct and proximate result of the conduct of Defendants, Plaintiffs have suffered actual damages in a principal amount to be shown by proof at trial, but in any event an amount in excess of ten thousand dollars ($10,000.00), plus interest at the maximum rate as allowed by law. Pursuant to N.C.G.S. §75-16 and §75-16.1, Plaintiffs are entitled to have this amount of actual damages trebled and recover the same plus Plaintiffs' reasonable attorneys' fees.

### SIXTH CAUSE OF ACTION
### (NEGLIGENCE)
### (As to Plaintiff Jackson against Defendant)

116. The allegations contained in paragraphs 1 through 115 are hereby realleged and incorporated herein by reference.

117. On or about April 12, 2017, Defendant willfully or recklessly or negligently accessed Plaintiff Jackson's credit report.

118. Defendant owed a duty to Plaintiff Jackson only to obtain Plaintiff's credit report with authorization and only on the terms and conditions authorized by Plaintiff.

119. Upon information and belief, Defendant did not obtain authorization from Plaintiff Jackson to access the credit report.

120. Upon information and belief, Defendant performed such acts negligently or willfully with the intent to cause harm to Plaintiff Jackson.

121. Upon discovery of Defendant's acts by Plaintiff Jackson, Defendant represented to Plaintiff that Plaintiff Eastern had applied for credit and thus was the impetus behind the credit request.

122. At the time that Defendant made such statements, Defendant knew such statements were false.

123. Upon information and belief, the credit report obtained by Defendant was a duplicate request and thus was based off a previous credit request which was not current.

124. Defendant had never requested Plaintiff Jackson's credit report at any time during their business relationship or at the time Defendant chose to extend credit to Plaintiff Eastern.

125. Defendant failed to use reasonable case to prevent unauthorized use of Plaintiff Jackson's information by Defendant's employees and agents.

126. To access Plaintiff Jackson's credit report, which had a credit hold on it, it was necessary for Defendant to misrepresent its credentials and/or authority to access Plaintiff's information.

127. Defendant breached its duty to Plaintiff Jackson by obtaining such information without authorization and for an unauthorized purpose.

128. Defendant obtained Plaintiff Jackson's credit report at a time when it knew that Plaintiff Eastern was attempting to close on a large business transaction.

129. Defendant either negligently obtained Plaintiff Jackson's credit report or did so willfully with the intent to harm Plaintiff Eastern and its business transactions.

130. Defendant's conduct was intentional and willful was not committed for a legitimate purpose.

131. The actions of Defendant are the proximate cause of damages to Plaintiff Jackson.

132. As a result of Defendant's actions, Plaintiff Jackson has been damaged in amount to be determined at trial, but that exceeds Ten Thousand and 00/100 dollars ($10,000.00).

## SEVENTH CAUSE OF ACTION
### (BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING)
### (As to Plaintiffs against Defendant)

133. The allegations contained in paragraph 1 to 132 are hereby realleged and incorporated herein by reference.

134. Throughout the relationship, Defendant took actions which were contrary to the parties' positions.

135. From the beginning of Plaintiffs and Defendant's relationship, Plaintiffs have repeatedly sought clarifying information on its contracts with Defendant, but such information was withheld from Plaintiff.

136. Defendant initially refused to consolidate Plaintiffs' contracts causing Plaintiff to pay out more than Plaintiff expected based on the representations of Defendant.

137. Defendant repeatedly refused to provide documentation and accountings regarding the three contracts with Defendant.

138. Defendant compromised Plaintiff Eastern's bank account to pay itself while failing to communicate with Plaintiff and otherwise provide the information Plaintiffs requested regarding the contracts.

139. To obtain access to Plaintiff Eastern's account, for which Defendant did not have authorization or the log-in information, it was necessary for Defendant to misrepresent its authorization and/or use an inappropriate method to gain access to the account.

140. Defendant committed an unauthorized access to Plaintiff Eastern's bank account and set up unauthorized ACH transactions from Plaintiff Eastern's account on multiple occasions over more than one year.

141. Defendant made false, threatening statements to Plaintiff Eastern's employees for purpose of gaining advantage over Plaintiffs.

142. Defendant specifically chose to request the credit report at a time when Defendant knew or should have known that the request would negatively impact Plaintiff Jackson's credit and possibly damage Plaintiff Eastern's pending third-party business transaction.

14

143. Defendant committed an unauthorized access to Plaintiff Jackson's credit report and obtained such information for an unauthorized purposed and for the express purpose of damaging Plaintiffs.

144. During the term of Plaintiffs' contracts with Defendant, Defendant was under a duty not to act in any way that will hinder performance of the contracts.

145. With its actions, Defendant has filed to uphold its duty of duty of good faith and fair dealing with Plaintiffs.

146. It was implied in their contract that Defendant would only take such actions as authorized by the contract and would not take unauthorized or unlawful actions to benefit itself or to attempt to circumvent Plaintiffs' requests for documentation.

147. Because of Defendant's actions, Defendant has benefited in way that it otherwise would not have without such actions.

148. Plaintiff is informed and believes that Defendant has intentionally withheld documentation to conceal the actions of Defendant with respect to the contracts.

149. The Defendants have failed to deal in good faith with the Plaintiffs in extending credit, conducting business with Plaintiffs and collecting on any balance due claimed by Defendant.

150. Plaintiff has been damaged by Defendant's actions, in amount to be determined at trial, that is in excess of Ten Thousand and 00/100 dollars ($10,000.00), and seeks compensatory damages from Defendant.

WHEREFORE, Plaintiffs pray this Honorable Court for the following relief:

1. As to the First and Second Causes of Action, Plaintiffs seek an award of compensatory and statutory as permitted by law and in such amounts to be proven at trial, pursuant to 18 U.S.C. §1030(g);

2. As to the Third and Fourth Causes of Action, Plaintiff seeks an award of compensatory, statutory and punitive damages, as permitted by law and in such amounts to be proven at trial, pursuant to N.C.G.S. §14-458 and §1-529.2A.

3. As to the Fifth Cause of Action, that judgment be awarded Plaintiff Eastern against Defendant and that Plaintiff recover punitive damages and that the award be trebled in accordance with Chapter 75 of the North Carolina General Statutes, and attorneys' fees pursuant to §75-16.1;

4. As to the Sixth Cause of Action, that Plaintiff Jackson recover compensatory and punitive damages, as permitted by law, in excess of Ten Thousand and 00/100 dollars ($10,000.00).

5. As to the Seventh Cause of Action, that Plaintiff Jackson recover compensatory and punitive damages, as permitted by law, in excess of Ten Thousand and 00/100 dollars ($10,000.00).

6. That Plaintiffs have a recover the costs of this action;

7. For such other and further relief as this Court deems just and proper; and

8. Plaintiffs hereby demand a jury trial on all issues so triable.

This the 23rd day of May, 2017.

    _/s/Paige C. Kurtz_____
Paige C. Kurtz, State Bar No. 26549
Kurtz Law, PLLC
Attorneys for Plaintiffs
715 Kimbrough Street
Raleigh, North Carolina 27608
Telephone: 919-336-4240
Facsimile: 919-336-4153
paige@kurtzlawpllc.com